FILED
Jan 27, 2020
10:38 AM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | |
|---|---|
| Jack Fee, | ) Docket No. 2019-01-0396 |
| Employee, | ) |
| v. | ) |
| Mohawk Industries, Inc., | ) State File No. 38017-2019 |
| Employer, | ) |
| And | ) |
| Liberty Mutual Insurance Company, | ) Judge Audrey Headrick |
| Carrier. | ) |

---

## EXPEDITED HEARING ORDER

---

The Court held an Expedited Hearing on January 16, 2020, to determine whether Tennessee has jurisdiction over Mr. Fee's workers' compensation claim. Mohawk asserted that Georgia Workers' Compensation Law is Mr. Fee's exclusive remedy. For the reasons below, the Court holds that Tennessee does not have jurisdiction.

### History of Claim

Mr. Fee, a Georgia resident, worked as an over-the-road driver for Mohawk, a Georgia corporation, when he sustained serious injuries during a motor vehicle accident while driving through Tennessee. Mr. Fee's delivery route from Georgia to Maryland required him to drive through Tennessee three times per week for approximately three hours each trip. Mohawk accepted Mr. Fee's claim under Georgia's workers' compensation law and paid for all of his medical treatment.[1]

Mr. Fee filed a Petition for Benefit Determination seeking Tennessee benefits and later filed a Request for Expedited Hearing for a determination regarding jurisdiction. Mohawk argued Tennessee Code Annotated section 50-6-115(a) and (c)(2) provides that Georgia law is Mr. Fee's exclusive remedy.

---

[1] It is unclear from Mr. Fee's testimony whether he received any temporary disability benefits.

1

## Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Mr. Fee must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds he did not.

### *Jurisdiction*

The 2013 Workers' Compensation Reform Act substantially changed Tennessee Code Annotated section 50-6-115, which is the extraterritorial statute that previously dealt only with employees injured out-of-state. The Reform added, in part, subsections (a) and (c)(2):

(a) For purposes of this section, an employee is considered to be temporarily in a state working for an employer if the employee is working for such employee's employer in a state other than the state where such employee is primarily employed for no more than fourteen (14) consecutive days, or no more than twenty-five (25) days total, during a calendar year.

. . .

(c)(2) The benefits under the workers' compensation insurance or similar laws of the other state, or other remedies under similar law, are the exclusive remedy against the employer for any injury, whether resulting in death or not, received by the employee while temporarily working for that employer in this state.

With no guiding post-Reform case law, the Court considers the application of the statutory language. *Hadzic v. Averitt Express*, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *8 (May 18, 2015) (courts must consider the plain and ordinary meaning of the statutory language when no guiding precedent exists). Here, it is undisputed that Mr. Fee, a Georgia resident, was "primarily employed" in Georgia. It is also undisputed that Mr. Fee's time spent in Tennessee consisted of approximately three hours on the interstate, three times per week, traveling from Georgia to Maryland. Mr. Fee drove that route for two to three months before his accident. The Court finds that he was "temporarily" working in Tennessee. Under section 50-6-115, the fact that Mr. Fee's accident occurred in Tennessee is not sufficient to give Tennessee jurisdiction. Therefore, as directed by subsection (c)(2), the Court holds that Georgia has exclusive jurisdiction of Mr. Fee's workers' compensation claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Tennessee does not have jurisdiction over Mr. Fee's workers' compensation claim.

2

2. This case is set for a Status Hearing on Wednesday, March 25, 2020, at 1:00 p.m. Eastern Time. The parties must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED January 27, 2020.**

**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

## APPENDIX

Exhibits:
    1. Affidavit of Mr. Fee

Technical record:
    1. Petition for Benefit Determination
    2. Dispute Certification Notice
    3. Request for Expedited Hearing
    4. Show Cause Order
    5. Order on Show Cause Hearing
    6. Notice of Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on January 27, 2020.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Scott Wesson, Employee's Attorney | | X | scottwesson@warrenandgriffin.com kay@warrenandgriffin.com |
| Bryan Lindberg, Employer's Attorney | | X | blindberg@hallboothsmith.com |

*Penny Shrum* w/permission

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____